UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

UNITED STATES OF AMERICA          :

         - v. —                            :

                                                                    S3 13 Cr. 923 (LAP)

LARRY DAVIS and                       :
DCM ERECTORS, INC.,

                                               :

                    Defendants.

                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -    x


### JOINT REQUESTS TO CHARGE


PREET BHARARA
United States Attorney
Southern District of New York

By:     Robert L. Boone
          Kan M. Nawaday
          Assistant United States Attorneys
          - Of Counsel -

LARRY DAVIS
Defendant

By:     Sanford Talkin, Esq.

DCM ERECTORS, INC.
Defendant

By:     Kevin Puvalowski, Esq.

## TABLE OF CONTENTS

**Request No.**                                                                          **Page**

1.  General Requests ................................................................................. 2

2.  Summary of Indictment ...................................................................... 4

    a.  Consider Each Defendant Separately............................................ 5

    b.  Multiple Counts, Multiple Defendants ......................................... 6

3.  Count One — Wire Fraud.................................................................... 7

4.  Count One:  Elements of the Offense ................................................. 8

5.  Counts One:  Element One (Scheme to Defraud) ............................... 9

6.  Count One:  Element Two (Participation with Intent to Defraud)................. 14

    a.  Contractual Provisions and Port Authority Rules and Policies......................... 19

7.  Count One:  Element Three (Use of Interstate or International Wires) ......................... 20

8.  Count Two—Conspiracy to Commit Wire Fraud .............................. 21

9.  Count Two:  Elements of the Offense................................................. 22

10. Count Two:  Element One (Existence of the Conspiracy)................... 23

11. Count Two:  Element Two (Membership in the Conspiracy)............... 27

12. Venue ................................................................................................. 30

13. Corporation as Defendant................................................................... 31

14. Particular Investigative Techniques Not Required ............................ 33

15. Stipulations........................................................................................ 34

16. Charts and Summaries ....................................................................... 35

17. Accomplice Testimony ...................................................................... 36

18. Testimony of Law Enforcement Officers .......................................... 41

19. Preparation of Witnesses................................................................... 42

20. Persons Not On Trial ......................................................................... 43

i

21. Liability for Acts and Declarations of Co-Conspirators .................................................... 44

22. Uncalled Witnesses—Equally Available .......................................................................... 46

23. Audio Recordings and Transcripts .................................................................................... 47

     a.   Similar Acts--Intent, Knowledge, Absence of Mistake ..................................... 49

24. Statements of a Defendant ................................................................................................ 50

25. Defendant's Testimony ..................................................................................................... 51

26. Defendant's Right Not to Testify ...................................................................................... 52

27. Conclusion ........................................................................................................................ 54

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -    x

UNITED STATES OF AMERICA               :

          - v. —                       :                S3 13 Cr. 923 (LAP)

LARRY DAVIS and                        :
DCM ERECTORS, INC.,
                                       :
          Defendants.
                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - -    x


## <u>JOINT REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government and

defendant Larry Davis, by and through counsel Sanford, Esq., and defendant DCM Erectors,

Inc., by and through counsel Kevin Puvalowski, Esq., respectfully submit the following proposed

jury instructions.

Where the parties propose competing instructions and language, each party's proposed

language is set forth under the heading "Government's Proposed Language" and "Defense's

Proposed Language" as the case may be.  Further, competing language, where appropriate is

highlighted in bold for the Court's convenience.   Language which is being proposed jointly is

not bolded and/or appears under the heading "Joint Proposed Language Continued."

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on matters set forth below.  The defense respectfully requests that the Court give such instructions substantially in the form contained in Sand, *Modern Federal Jury Instructions*, as cited below in parentheses.  The Government has no objection to the defense's request.

a.  Function of Court and Jury (Inst. 2-2, 2-3, 2-4)

b.  Conduct of Counsel (Instr. 2-8)

c.  Indictment not Evidence (Inst. 3-1)

d.  Statements of Court and Counsel not Evidence

e.  Burden of Proof and Presumption of Innocence (Inst. 4-1)

f.  Reasonable Doubt (Inst. 4-2)

g.  Government Treated Like Any Other Party (Inst. 2-5)

h.  Inferences (Inst. 6-1)

i.  Definitions and Examples of Direct and Circumstantial Evidence (Inst. 5-2)

j.  Testimony, Exhibits, Stipulations and Judicial Notice (Instr. 5-4)

k.  Credibility of Witnesses (Inst. 7-1)

l.  Interest in Outcome (Inst. 7-3)

m.  Right to See Exhibits and Have Testimony Read During Deliberations (Inst. 9-3)

n.  Sympathy:  Oath as Jurors (Inst. 2-12)

o.  Punishment Is Not to Be Considered by the Jury (Inst. 9-1)

2

p.    Verdict of Guilt or Innocence Must be Unanimous (Inst. 9-7)

**Defendant's Proposed Instruction ("Bias and Hostility")**

The defense proposes the Bias and Hostility instruction (Instr. 7-2) from *Sand* (Suggested placement – between (k) and (l) above), which reads as follows:

**"In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.  Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny."**

*Sand*, Instr. 7-2.

**Government's Proposed Instruction ("Bias and Hostility")**

With respect to the "Bias and Hostility" instruction, the Government proposes the following:

**"In connection with the credibility of the witnesses, you may consider whether a witness had any possible bias, any relationship to a party, any motive to testify falsely, any possible interest in the outcome of the case, or whether the witness evidenced any hostility, resentment, or anger toward a party.  Such factors do not necessarily make the witness unworthy of belief.  These are simply factors that you may consider."**

Adapted from the jury instruction of the Hon. Barbara S. Jones, *United States* v. *Kim,* 99 Cr. 92 (BSJ).

## <u>REQUEST NO. 2</u>

**Summary of Indictment**

The Indictment charges LARRY DAVIS and DCM ERECTORS, INC., the defendants, with wire fraud, and conspiracy to commit wire fraud.

Count One of the Indictment alleges that from at least in or about 2008, up to and including in or about 2012, the defendants engaged in a scheme to defraud the Port Authority through the use of interstate or international wires.

Count Two of the Indictment alleges that during that same period, the defendants conspired—that is, *agreed* with others—to engage in a scheme to defraud the Port Authority through the use of interstate or international wires.

## REQUEST NO. 2A

### Consider Each Defendant Separately

The Indictment names LARRY DAVIS AND DCM ERECTORS, INC. defendants who are on trial together. In reaching a verdict, however, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him or it solely on the evidence, or lack of evidence, presented against him or it without regard to the guilt or innocence of anyone else.

[IF APPLICABLE]

In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

Sand, *Modern Federal Jury Instructions*, Instr. 3-5

5

## **REQUEST NO. 2B**

### **Multiple Counts, Multiple Defendants**

The indictment contains a total of two counts. Each count charges the defendants with a different crime.

As I mentioned, there are two defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or it is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

Sand, *Modern Federal Jury Instructions*, Instr. 3-8

## **REQUEST NO. 3**

### **Count One — Wire Fraud**

Count One charges the defendants with engaging in a scheme to defraud the Port

Authority by use of interstate or international wires.

## <u>REQUEST NO. 4</u>

**Count One:  Elements of the Offense**

To sustain its burden of proof with respect to the charge of wire fraud under Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, the existence of a scheme to defraud.

*Second*, the defendant you are considering knowingly and willfully participated in that scheme with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, that the defendant you are considering used or caused the use of the interstate or international wires in execution of that scheme.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3.

## REQUEST NO. 5

### Counts One:  Element One (Scheme to Defraud)

The first element the Government must prove beyond a reasonable doubt under Count One is the existence of a scheme or artifice to defraud the Port Authority of money or property by means of false or fraudulent pretenses, representations, or promises.

### Defense's Proposed Language:

A "scheme or artifice" is simply a plan that is designed to accomplish an objective.

### Government's Proposed Language:

A "scheme or artifice" is simply a plan, **a device, or a course of conduct** that is designed to accomplish an objective.

### Joint Proposed Language Continued:

"Fraud" is a general term.  It includes all the possible means by which a person seeks to gain some unfair advantage over another by false representations, false suggestion, false pretenses, or concealment of the truth.

So a "scheme to defraud" is any plan or course of action to deprive another of money or property by trick, deceit, deception, or swindle.  Here, the Government alleges that the scheme to defraud was carried out by making false and fraudulent statements and representations to the Port Authority.

A statement or representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intent to deceive.

9

**<u>Government's Proposed Language</u>**

The false or fraudulent representation or concealment must relate to a material fact or matter.  A material fact is one you would expect to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

**<u>Defense's Proposed Language</u>**

The false or fraudulent representation or concealment must relate to a material fact or matter.  A material fact is one you would **reasonably** expect to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  **This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.**

**<u>Joint Proposed Language Continued:</u>**

To find an untruthful statement or representation material, you must conclude that the statement or representation was one that was capable of influencing the decision-maker to whom it was directed—here, the Port Authority—and was intended by the defendant you are considering to influence the Port Authority's decision.  It does not matter whether the Port Authority actually relied on the misrepresentation.  However, the misrepresentation had to be capable of influencing the Port Authority, and intended by the defendants to influence the Port Authority, whether it influenced the Port Authority or not.

**Government Proposed Language:**

The Government is not required to establish that anyone actually relied on any false or fraudulent statement or representation, or that the Port Authority actually lost money. Nor is it necessary for the Government to establish that the defendant you are considering actually realized any gain from the scheme. The success of the scheme is irrelevant; what matters is whether it existed.

In order to establish a scheme to defraud, the Government must also prove that the alleged scheme contemplated depriving the Port Authority of money or property. In this regard, a person is not deprived of money or property only when someone directly takes his money or property from him. Rather, a person is also deprived of money or property when that person is provided false or fraudulent information that, if believed, would prevent him from being able to make informed economic decisions about what to do with his money or property. In other words, a person is deprived of money or property when he is deprived of the right to control that money or property.

Because the Government need only show that a scheme to defraud existed, not that it succeeded, it is not necessary for the Government to prove that the Port Authority lost money or property as a result of the scheme. Such a loss, must, however, have been contemplated by the defendant you are considering. Further, it is not necessary that a defendant intended that the misrepresentation actually inflict a financial loss. It suffices that a defendant intended that the misrepresentation induce a counterparty to enter a transaction without the relevant facts necessary to make an informed economic decision.

**Defense's Proposed Language**

In order to establish a scheme to defraud, **in addition to proving that a statement was false or fraudulent and related to a material fact**, the Government must also prove that the alleged scheme contemplated depriving the Port Authority of money or property.

**Joint Proposed Language Continued**:

In considering whether the loss was contemplated, keep in mind that the loss of the right to control money or property constitutes deprivation of money or property only when the scheme, if it were to succeed, would result in economic harm to the victim.  If all the Government proves is that under the scheme, the Port Authority would have entered into transactions it would otherwise would not have entered into, without proving that the Port Authority would thereby have suffered some economic harm, then the Government will not have met its burden of proof.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

**Government's Proposed Language**:

**Finally, it does not matter whether the Port Authority might have discovered the fraud had they probed further.  If you find that a scheme existed, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent.**

**Joint Proposed Language Continued**:

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4; Hon. Colleen McMahon, Jury Charge, *United States* v. *Binday, et al.*, 12 Cr. 152 (CM)

12

(S.D.N.Y.) *affirm'd United States* v. *Binday, et al*., 804 F.3d 558, 579-83 (2d Cir. 2015)*.* Hon. Colleen McMahon, Jury Charge, *United States* v. *Louis Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. 2011); and Hon. Robert P. Patterson, Jury Charge, *United States* v. *Peter Carlo*, 04 Cr. 805 (RPP) (S.D.N.Y. 2005). *See United States* v. *Wallach*, 935 F.2d 445, 462 (2d Cir. 1991); *United States* v. *Rossomando*, 144 F.3d 197, 201 n.5 (2d Cir. 1998) (noting that "the concrete harm contemplated by the defendant is to deny the victim the right to control its assets by depriving it of information necessary to make discretionary economic decisions"). *See also United States* v. *Shellef*, 507 F.3d 82, 108-09 (2d Cir. 2007).

13

<u>**REQUEST NO. 6**</u>

**Count One:  Element Two (Participation with Intent to Defraud)**

The second element that the Government must prove beyond a reasonable doubt under Count One is that the defendant you are considering participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

To participate in a scheme means to engage in it, by taking some affirmative step to help it succeed.  Merely associating with people who are participating in a scheme—even if you know what they are doing—is not participation.

"Knowingly" means to act voluntarily and deliberately, rather than inadvertently or by mistake.

"Willfully" means to act knowingly and purposefully, with an intent to do something the law forbids; that is to say, with bad purpose, either to disobey or disregard the law.

To act with intent to defraud means to act knowingly and with the specific purpose of causing some financial harm or deprivation of property to the Port Authority.  The Government need not prove that the intended victim was actually harmed; only that such harm was contemplated.

<u>**Joint Proposed Language Continued**</u>:

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Science has not yet invented a way for us to look inside someone's head to see what he is thinking and intending and knowing.  Direct proof of knowledge willfulness, and fraudulent

14

intent is almost never available. Rarely is it the case that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, and acts, taken in light of all the surrounding circumstances that are disclosed by the evidence, together with the rational or logical inferences that may be drawn therefrom.

**Government's Proposed Language:**

**What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what that defendant said, but you may also look at what that defendant did and what others did in relation to that defendant and, in general, everything that occurred.**

**Joint Proposed Language Continued:**

Circumstantial evidence, if believed, is of no less value that direct evidence. In either case, the essential elements of the crime must be proven beyond reasonable doubt.

**Defense's Proposed Language:**

In order to sustain the charges against the defendant you are considering, the Government must prove beyond a reasonable doubt that the defendant participated in the alleged scheme with an understanding of its fraudulent or deceptive character and **for the purpose of causing some loss to the Port Authority**.

**<u>Government's Proposed Language</u>:**

In order to sustain the charges against the defendant you are considering, the Government must prove beyond a reasonable doubt that the defendant participated in the alleged scheme with an understanding of its fraudulent or deceptive character and **with the intent to help it succeed. That said, there are certain things that the Government need not prove in order to meet its burden.  It need not prove that any defendant participated in or even knew about all of the operations of the scheme.  It need not prove that any defendant originated or invented the scheme, or participated in it from its inception.  A person who begins to participate in a scheme after it begins is just as guilty as a person who participates from** the **beginning, as long as the person who joins at a later point becomes aware of the scheme's general purpose and operation and acts intentionally to further its unlawful goal or goals.   Finally, the Government need not prove that the defendants participated in the scheme to the same degree as other participants**.

<u>Good Faith</u>
[*If Applicable*]

Since an essential element of the crime charged in Count One is intent to defraud, it follows that good faith on the part of the defendant you are considering is a complete defense to that charge.  A defendant, however, has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt and, consequently, a lack of good faith.

Under the wire fraud statute, even false representations or statements do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is

16

not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by that defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that that defendant acted in good faith.

**Government's Proposed Language:**

**No amount of honest belief on the part of a defendant that the scheme would ultimately be beneficial to the Port Authority will excuse fraudulent actions or false representations made by the defendant you are considering, if that defendant had the specific intent to harm the Port Authority by depriving it of money or property (including accurate information that was material to the Port Authority's decisions about how to use its assets), even if that defendant sought only to deprive the Port Authority of any of these things for a limited period of time.**

**Defense's Proposed Language:**

**If the defendant you are considering participated in the scheme for the purpose of causing some financial or property loss to the Port Authority, then no amount of honest belief on the part of a defendant that the scheme would ultimately be beneficial to the Port Authority will excuse fraudulent actions or false representations made by the defendant you are considering.**

**To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find**

17

the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

Adapted from Sand, *Modern Federal Jury Instruction*, Instr. 44-5; Hon. Colleen McMahon, Jury Charge, *United States* v. *Louis Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. 2011); and Hon. Robert P. Patterson, Jury Charge, *United States* v. *Peter Carlo*, 04 Cr. 805 (RPP) (S.D.N.Y. 2005). For authority regarding the proposed good faith instruction, *see, e.g.*, *United States* v. *Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011); *United States* v. *Levis*, 488 Fed. App'x 481, 486 (2d Cir. 2012) ("[E]ven if Levis meant to cause no ultimate harm to investors because he honestly believed Doral to be properly valuated, he intended to cause them immediate harm by denying them the right to control [their] assets by depriving [them] of the information necessary to make discretionary economic decisions." (alterations in original; quotation marks and citation omitted)); *United States* v. *Leonard*, 529 F.3d 83, 91-92 (2d Cir. 2008) (affirming jury instruction incorporating the rule that a defendant's belief that his actions will cause no ultimate harm is not a defense to wire or mail fraud); *United States* v. *Koh*, 199 F.3d 632, 641 (2d Cir. 1999); *United States* v. *Berkovich*, 168 F.3d 64, 66-67 (2d Cir. 1999).

18

## REQUEST NO. 6A

### Contractual Provisions and Port Authority Rules and Policies

Evidence has been admitted relating to contracts entered into between Defendant DCM Erectors on one hand and the Port Authority or its agents on the other.  Evidence has also been admitted relating to Port Authority policies and guidelines.  Those contractual obligations and those policies and guidelines are not criminal laws.  Violation of those contractual obligations or policies and guidelines is not a crime, and whether the defendants complied with those  requirements is not determinative of the innocence or guilt of any defendant in this case.

### Defendant's Proposed Language:

However, you may, but are not required to  consider these facts along with any other evidence you deem **relevant  as to the defendants' actual knowledge or intent related to the charges in this case**.

### Government's Proposed Language:

However, you may, but are not required to  consider these facts along with any other evidence you deem **appropriate as they relate to the charges in this case**.

> Adapted from jury charge in *People* v. *Abacus Federal Savings Bank, et al.*, Indictment No. 2480/2012 (2015) (Hayes, J.)

19

## REQUEST NO. 7

### Count One:  Element Three (Use of Interstate or International Wires)

The third element that the Government must prove beyond a reasonable doubt under the wire fraud charge of Count One is the use of an interstate or international wire communication in furtherance of the scheme to defraud.  The wire communication must pass between states or between this country and a foreign country.

The use of the wire need not itself be a fraudulent representation.  The wire must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant you are considering to be directly or personally involved in any wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant you are considering is accused of participating.

It is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the wires to be used by others; and this does not mean that the defendant you are considering must have himself specifically authorized others to send a wire communication.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7.

## **REQUEST NO. 8**

### **Count Two—Conspiracy to Commit Wire Fraud**

We have discussed Count One of the Indictment, which charges wire fraud.  I will turn now to Count Two of the Indictment, which charges the defendants with a conspiracy to commit wire fraud, the crime I have just told you about.

## REQUEST NO. 9

### Count Two:  Elements of the Offense

A conspiracy is an agreement or understanding between two or more people to join together to accomplish some unlawful purpose.  In order for a defendant to be guilty of a conspiracy to violate federal law, the Government must prove each of the following two elements beyond a reasonable doubt:

*First*, that such a conspiracy existed.

*Second*, that at some point the defendant you are considering knowingly and willfully joined and participated in the conspiracy.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-2 and 19-3S.

22

<u>**REQUEST NO. 10**</u>

**Count Two:  Element One (Existence of the Conspiracy)**

The first element of the crime of conspiracy that the Government must prove beyond a reasonable doubt is that there existed a conspiracy; that is, the Government must prove beyond a reasonable doubt that two or more persons entered the unlawful agreement charged in the indictment.

The offense of conspiracy to commit an illegal act is separate and distinct from the actual commission of the illegal act that is the object of the conspiracy.  To put it in context, conspiracy to commit the illegal act of wire fraud is a separate and distinct crime from committing wire fraud.

<u>**Defense's Proposed Language**</u>**:**

**In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.**

**You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.**

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

**Government's Proposed Language:**

The defendant you are considering need not have committed the illegal act that is the object of the conspiracy in order to be found guilty of the separate and independent crime of conspiracy. Putting it in practical terms, even if you acquit a defendant of Count One, which charges wire fraud, you must still consider whether he conspired to commit that crime, because that is a separate, independent crime.

The essence of a conspiracy is an agreement to violate the law. Now, in order to prove that the defendant you are considering is guilty of conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn compact, orally or in writing, stating we agree to violate the law, setting out the details about how they are going to do that. Your common sense will tell you that when people enter into a criminal conspiracy, much is left to their unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they broadcast their plans to the public. From its very nature, a conspiracy is almost always secret, both in its origin and in its execution. It is, therefore, sufficient if the Government proves beyond a reasonable doubt that two or more

24

people arrived at a common understanding to violate the law, in some way or manner, either explicitly or by implication.

It is not required that any particular number of people joined together in order for the Government to prove that a conspiracy existed. You need only find that two or more people entered into the unlawful agreement alleged in the Indictment in order for you to find that a conspiracy existed.

In deciding whether the Government has proved the existence of a conspiracy beyond a reasonable doubt, you may consider whether the alleged co-conspirators did anything that tended to carry out an apparent criminal purpose. The old adage "actions speak louder than words" is applicable here. Sometimes the only evidence available to demonstrate the existence of an agreement to violate the law is evidence about seemingly disconnected acts, that when you consider them in connection with each other, show that an agreement was reached to bring about a particular result. Evidence of this sort can prove the existence of a conspiracy as satisfactorily and conclusively as more direct proof. So in deciding whether the conspiracy charged in Count Two of the Indictment actually existed, you may consider not just what the alleged co-conspirators said, but also their acts and their conduct.

### Joint Proposed Language Continued:

In regard to the timing of the alleged wire fraud conspiracy, Count Two alleges that the conspiracy existed from about 2008 through about 2012. It is not necessary that the Government prove that the conspiracy started or ended on a particular precise date, as long as it proves

beyond a reasonable doubt that the conspiracy was formed and existed at some point during the period alleged in the Indictment, which covers from 2008 until 2012.

Finally, a conspiracy requires an object—some illegal thing that the members of the conspiracy agree they will try to accomplish.  The conspiracy alleged in Count Two has as its object, wire fraud.  That is what the Government alleges.  I have already explained the law regarding wire fraud.  So in deciding whether people agreed to violate the law of wire fraud, you should consider my instructions on wire fraud.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-2, 19-4, and Hon. Colleen McMahon, Jury Charge, *United States* v. *Louis Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. 2011).

26

## REQUEST NO. 11

### Count Two:  Element Two (Membership in the Conspiracy)

If you conclude that the Government has proven beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether the Government has proved beyond a reasonable doubt the second element of the crime, which is that the defendant you are considering became a member of the conspiracy knowingly, willfully, and voluntarily, and with intent to further its unlawful purpose or purposes.

**Government's Proposed Language**:

**A defendant can indicate his intent to join a conspiracy in many ways; no particular form of words or type of action is required, as long as it shows his intent, his conscious aim or objective to further the unlawful purpose of the conspiracy.**

**Defense's Proposed Language**:

**The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.**

**It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.**

**Joint Proposed Language Continued**:

Knowingly means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence, and to act willfully means to act purposely and with an intent to do something unlawful.  However, a person does not have to know everything about a conspiracy in

27

order to be a member of a conspiracy. A person can become a member of a conspiracy even if he is not fully informed about all of its details, or does not know the full extent of the conspiracy, or is not acquainted with all of the other members of the conspiracy.

A person can become a member of a conspiracy even if he does not join it at the beginning. He can join a conspiracy at any time while it is in progress.

**Government's Proposed Language:**

**And whenever a person joins a conspiracy, he becomes responsible for everything that was done before he joined it, as well as everything that is done from and after the time that he joined.**

**Joint Proposed Language Continued:**

The law does not require that each conspirator have an equal role in the conspiracy. Even a single act of participation may be sufficient to draw a defendant within the ambit of a conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, merely associating with the members of a conspiracy is not enough to make a person a member of a conspiracy. This is true even if the person who associates with members of a conspiracy knows what they are doing.

**Government's Proposed Language:**

**In other words, knowledge of the existence of a conspiracy without participation is not sufficient; both knowledge about the unlawful object of the conspiracy and**

participation by the defendant in some way for the purpose of furthering the unlawful object of the conspiracy have to be proved by the Government beyond a reasonable doubt.

**Defense's Proposed Language:**

A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-3S, 19-6, and Hon. Colleen McMahon, Jury Charge, *United States* v. *Louis Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. 2011).

29

## REQUEST NO. 12

### Venue

In addition to all of the elements I have described, with respect to each alleged crime, you must consider the issue of venue, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

In this regard, the Government need not prove that the entirety of any of the charged crimes was committed in the Southern District of New York, or that the defendant you are considering was present here.  It is sufficient to satisfy the venue requirement on each count if any act in furtherance of each of the crimes charged occurred within the Southern District of New York.

I should note that on this issue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the crime was committed in this District.

If you find that the Government has failed to prove the venue requirement with respect to a given count, then you must acquit the defendant of that count.

> Adapted from Hon. Colleen McMahon, Jury Charge, *United States* v. *Omar Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010); Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

## REQUEST NO. 13

### Corporation as Defendant

The fact that one of the defendants in this case -- DCM ERECTORS, INC., is a corporation does not mean it is entitled to any different consideration by you. A corporate defendant is entitled to the same fair consideration as you would give any individual defendant or any other party.

A corporation is a legal entity, and may be found guilty of a criminal offense.

Of course, a corporation can only act through its agents; that is, its directors, officers, and employees or other persons authorized to act for it. A corporation is legally responsible for those acts or omissions of its agents made or performed in the course of their employment.

Thus, before you may find the corporate defendant guilty, you must find that the Government has proven beyond a reasonable doubt that all of the elements of the offenses as I have explained them to you have been met with respect to the corporation in the form of acts or omissions of its agents that were performed within the scope of their employment.

To be acting within the scope of one's employment may be shown in several ways. First, if the act or omission was specifically authorized by the corporation, it would be within the scope of the agent's employment.

Second, even if the act or omission was not specifically authorized, it may still be within the scope of an agent's employment if both of the following have been proven: that the agent intended that his act would produce some benefit to the corporation; and that the agent was acting within his authority. An act is within an agent's authority if it was directly related to the performance of the kind of duties that the agent had the general authority to perform.

31

**Defense's Proposed Language**:

An officer, director, employee, or agent is not acting within the course and scope of his or her employment, however, if that person performs or omits an act which Defendant DCM Erectors Inc. had, in good faith, forbidden or ordered its officers, directors, employees, and agents to perform.  A corporate defendant—like an individual defendant—however, may not avoid responsibility for its actions by meaningless or purely self-serving pronouncements. Similarly a corporate defendant—like an individual defendant—may not be held responsible for acts which it tries to prevent.

**Government's Proposed Language:**

If you find that the agent was acting within the scope of his employment, the fact that the agent's act was illegal, contrary to perform.  A corporate defendant—like an individual defendant—however, may not avoid responsibility for its actions by meaningless or purely self-serving pronouncements. Similarly a corporate defendant—like an individual defendant—may not be held responsible for acts which it tries to prevent.

**Joint Proposed Language Continued:**

Finally, if you find that the agent was not acting within the scope of his authority at the time, you should then consider whether the corporation later approved the act. An act is approved after it is performed when another agent of the corporation having full knowledge of the act, and acting within the scope of his employment as I just explained it to you, approves the act by his words or conduct. A corporation is responsible for any act or omission approved by its agents in this manner.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 2-6 and 2-7;
> O'Malley *et al.*, *Federal Jury Practice And Instructions – Criminal*, § 18.05.

32

## REQUEST NO. 14

### Particular Investigative Techniques Not Required

### [*If Applicable*]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities.

### Government's Proposed Language:

There is no legal requirement that law enforcement agents investigate crimes in a particular way **or that the Government prove its case through any particular means**.

### Defense's Proposed Language:

There is no legal requirement that law enforcement agents investigate crimes in a particular way.

### Joint Proposed Language Continued:

While you are to carefully consider the evidence presented, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant you are considering has been proven beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 4-4; Hon. Pierre N. Leval, Jury Charge, *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

33

## REQUEST NO. 15

### Stipulations

### [*If Applicable*]

You have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony in Court. It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

> Adapted from Hon. Stephen C. Robinson, Jury Charge, *United States* v. *Leight*, 04 Cr. 1372 (SCR) (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6, 5-7.

## REQUEST NO. 16

### Charts and Summaries

### [*If Applicable*]

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted into evidence as aids to you.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-13, and Hon. Katherine B. Forrest, Jury Charge, *United States* v. *Benito Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012).

## REQUEST NO. 17

### Accomplice Testimony

You have heard testimony from Government witnesses who have pleaded guilty to charges arising out of the same facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of any defendant on trial from the fact that prosecution witnesses pleaded guilty to similar charges. The decision of those witnesses to plead guilty was a personal decision those witnesses made about their own guilt.

**Government's Proposed Language:**

**Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.**

**You may properly consider the testimony of such accomplices. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable. Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.**

**Because use of accomplice testimony is entirely lawful, your personal view on its use—whether you approve or disapprove—is beside the point and must not affect your evaluation of the evidence in this case.**

36

Because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness—like any other witness called in this case—has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about agreements between the Government and the witnesses who pled guilty to certain crimes. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

<u>Defense's Proposed Language:</u>

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

37

**The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.**

**For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.**

**However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.**

### Joint Proposed Language Continued

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.  You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

### Government's Proposed Language:

**As with any witness, if you find that an accomplice witness's testimony was false, you should reject it.  However, if, after a cautious and careful examination of an accomplice**

witness's testimony and demeanor on the witness stand, you are satisfied that the witness

told the truth, you should accept it as credible and act upon it accordingly.

**Defense's Proposed Language:**

In this case, there has been testimony from several of these accomplice witnesses

who pled guilty after entering into an agreement with the government to testify.  The

government promised to bring the witnesses' cooperation to the attention of the sentencing

court.

The government is permitted to enter into this kind of plea agreement. You, in turn,

may accept the testimony of such a witness and convict the defendants on the basis of this

testimony alone, if it convinces you of the defendants' guilt beyond a reasonable doubt.

 However, you should bear in mind that a witness who has entered into such an agreement

has an interest in this case different than any ordinary witness. A witness who realizes that

he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony

favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine

his testimony with caution and weigh it with great care. If, after scrutinizing his testimony,

you decide to accept it, you may give it whatever weight, if any, you find it deserves.

In sum, you should look at all of the evidence in deciding what credence and what

weight, if any, you will want to give to the accomplice witnesses.

**Joint Proposed Language Continued:**

Again, as with any witness, let me emphasize that the issue of credibility need not be

decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part,

you still may accept his or her testimony in other parts, or you may disregard all of it.  That is a

determination entirely for you.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 7-5, 7-110, 7-5, 7-10-11, and  Hon. John F. Keenan, Jury Charge, *United States* v. *Carrero*, 91 Cr. 365 (S.D.N.Y. 1991);.

## REQUEST NO. 18

### Testimony of Law Enforcement Officers

You have heard testimony of law enforcement officers.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

### Defense's Proposed Language:

At the same time, **it is quite legitimate** for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

### Government's Proposed Language:

At the same time, defense counsel **is permitted** to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

### Joint Proposed Language Continued:

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16.

41

## REQUEST NO. 19

### Preparation of Witnesses

### [*If Applicable*]

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion. You must evaluate the truthfulness of the lack of truthfulness of their testimony according to the instructions I have already given you.

> Adapted from Hon. Michael B. Mukasey, Jury Charge, *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); Hon. Roger Hayes, Jury Charge, *People v. Abacus Federal Savings Bank*, Indict. No. 2480/2012 (NY Crim. Ct. 2015).

## REQUEST NO. 20

### Persons Not On Trial

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendants is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Sand, *Modern Federal Jury Instructions*, Instr. 3-4.

43

## REQUEST NO. 21

### Liability for Acts and Declarations of Co-Conspirators

In considering the charges, you should be aware that, under the law, when people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against a defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been that defendant's co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or

44

if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

Sand, *Modern Federal Jury Instructions*, Instr. 19-9.

## REQUEST NO. 22

### Uncalled Witnesses—Equally Available

### [*If Applicable*]

There are several people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Sand, *Modern Federal Jury Instructions*, Instr. 6-7.

46

## REQUEST NO. 23

### Audio Recordings and Transcripts

**Defense's Proposed Language:**

The government has offered evidence in the form of audio recordings of conversations with the defendant. These recordings were made without the knowledge of the defendants, but with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use the audio recordings in this case.

**Government's Proposed Language:**

I instruct you that the audio recordings entered into evidence during this trial were made in a lawful manner, that no one's rights were violated, and that the Government's use of this evidence is entirely lawful. Therefore, you must give it your full consideration, along with all the other evidence in the case, as you determine whether the Government has proved each defendant's guilt beyond a reasonable doubt. You must do that even if you disapprove of the way in which the evidence was collected.

**Joint Proposed Language:**

In connection with the recordings that you have heard, you were given transcripts of the conversations to assist you. I told you then and I remind you now, the transcripts are not evidence. It is the recordings that are evidence. The transcripts were provided as an aid to you while you listened to the tapes. It is for you to decide whether the transcripts correctly present

47

the conversations as they are heard on the tapes you have listened to.  If you perceive any difference between the recording and the transcript, it is the recording that controls.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-9, 5-10, 5-11.

**REQUEST NO. 23A**

**Similar Acts--Intent, Knowledge, Absence of Mistake**

The government has offered evidence that it claims shows that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

Sand, *Modern Federal Jury Instructions*, Instr. 5-25

49

## <u>REQUEST NO. 24</u>

### Statements of a Defendant

### [If Applicable]

There has been evidence that defendant LARRY DAVIS made statements to investigators working on behalf of the Port Authority.

Evidence of these statements may be properly considered by you. You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

**<u>Government's Proposed Language:</u>**

**Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.**

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-19.

## REQUEST NO. 25

### Defendant's Testimony

### [*Requested only if a defendant testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, [name of defendant(s)] did testify and he/they was/were subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

*See United States* v. *Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## REQUEST NO. 26

## Defendant's Right Not to Testify

### [*If requested by defense*]

You know, of course, that the defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove a thing.

The defendant is not required to present any evidence at all.  He is never required to prove that he is innocent.

### Defense's Proposed Language:

**The right of a defendant not testify is an important part of our Constitution.  As the Supreme Court of the United States has said:**

> **It is not everyone who can safely venture on the witness stand though entirely innocent of the charges against him.  Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove any prejudice against him.  It is not everyone, however honest, who would therefore willingly be placed on the witness stand.**

### Joint Proposed Language Continued:

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

52

Adapted from the charge given by Honorable John S. Martin in *United States v. Roy Moody*, 00 Cr. 671 (JSM)

## **REQUEST NO. 27**

### **Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendants with respect to each count they are charged with in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

\* \* \*

In submitting these requests to charge, the Government and the Defense reserve the right

to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        July 27, 2016

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                            By:    /s/ Kan M. Nawaday & Robert L. Boone
                                        Robert L. Boone
                                        Kan M. Nawaday
                                        Assistant United States Attorneys
                                        (212) 637-2208/2311


                                        LARRY DAVIS
                                        Defendant

                            By:    /s/ Sanford Talkin, Esq.
                                        Sanford Talkin, Esq.


                                        DCM ERECTORS, INC.
                                        Defendant

                            By:    /s/ Kevin Puvalowski, Esq.
                                        Kevin Puvalowski, Esq.